[No. A050903. First Dist., Div. One. June 14, 1991.]

In re DANILO DAYAN on Habeas Corpus.

COUNSEL

Danilo Dayan, in pro. per., for Petitioner.

John K. Van de Kamp and Daniel E. Lundgren, Attorneys General, George Williamson, Chief Assistant Attorney General, Paul D. Gifford and John G. Donhoff, Jr., Deputy Attorneys General, for Respondent.

OPINION

**NEWSOM, Acting P. J.**—By petition for writ of habeas corpus,[1] Danilo Dayan seeks immediate release from the custody of the Department of Corrections. Petitioner alleges that he has been wrongfully denied application of good-time and work-time credits (Pen. Code, § 2931 et seq.)[2] to his sentence. Petitioner is confined pursuant to a 1980 judgment and sentence of 15 years to life. Petitioner was also sentenced to two years for gun use. He was received by the Department of Corrections on December 19, 1980; his minimum eligible parole release date (MEPD)[3] was established at May 3, 1990. ■■ ■■■ This date was reached by application of section 2933 and 2931 credits against the statutory minimum sentence for second degree murder of 15 years.[4]

On March 21, 1990, after hearing, the Board of Prison Terms found petitioner suitable for parole. It determined that his term of imprisonment on his life sentence should be 180 months (15 years) commencing the day after his 2-year enhancement ended. It then deducted 29 months in credits granted in accordance with its administrative regulations arriving at September 12, 1994 as petitioner's projected release date. Petitioner contends, however, that his section 2933 (*Monigold II*) and his section 2931 credits should be deducted from his actual projected release date. Petitioner is mistaken.

[1]We had summarily denied Dayan's petition; however, the Supreme Court returned the matter to us with directions to issue an order to show cause.

[2]Unless otherwise indicated, all further statutory references are to the Penal Code.

[3]The term "minimum eligible parole release date" appears in section 3041 to describe the date before which the board must meet to set an actual parole release date for a prisoner.

[4]While life prisoners like petitioner generally may not receive work time (§ 2933) credits (*In re Monigold* (1983) 139 Cal.App.3d 485 [188 Cal.Rptr. 698] [*Monigold I*]), life prisoners who had received them were allowed to retain them. (*In re Monigold* (1988) 205 Cal.App.3d 1224 [253 Cal.Rptr. 120] [*Monigold II*].) Although the Supreme Court's order to this court refers only to section 2931 credits, the fact is petitioner had received section 2933 credits as well and seeks their application to his sentence.

Petitioner is a "life prisoner" within the meaning of Board of Prison Terms regulations (Cal. Code Regs., tit. 15, § 2000, subd. (b)(3)). He was sentenced to prison in accordance with section 1168. (*Monigold I, supra,* 139 Cal.App.3d at p. 488.) Despite the enactment of the determinate sentence law (DSL), certain crimes remained punishable by indeterminate sentences. "These were basically the life-sentence crimes . . . . By an initiative measure adopted at the November 7, 1978, General Election, the punishment for second degree murder was increased from a determinate term of five, six or seven years to an indeterminate term of fifteen years to life. A sentence of 15 years to life is by its nature an indeterminate term. [Citation.] The punishment for indeterminate crimes cannot be determined as set forth in the determinate sentencing scheme in section 1170 et seq., and thus section 1168, subdivision (b), provides that for persons not sentenced under those provisions the court shall not fix the term or duration of the period of imprisonment." (*Id.,* at p. 490.)

■ Prisoners sentenced to a determinate term under section 1170, according to the legislative scheme, may receive conduct credits (§ 2931) applied by the Department of Corrections. (*Monigold I, supra,* 139 Cal.App.3d at pp. 490-491.) "A life sentence prisoner must serve a minimum calendar term before becoming eligible for parole" (*id.,* at p. 491), and but for section 190, subdivision (a), conduct credits would not apply to that minimum term.

Petitioner was not entitled to have an actual parole release date set until one year prior to his MEPD. (§ 3041.) It is the Board of Prison Terms which sets release dates in accordance with section 3041 and the guidelines promulgated under the authority granted by that section. These regulations are set forth in California Code of Regulations, title 15, sections 2401-2411 and include application of certain behavior and participation credits. (*Monigold I, supra,* 139 Cal.App.3d at p. 491; see Cal. Code Regs., tit. 15, § 2290.) Petitioner does not dispute the board's calculation of these credits but instead insists that section 190, subdivision (a) additionally entitles him to section 2931 (and in his case § 2933) credits against the actual term as set by the board.

Section 190, subdivision (a) provides as relevant here: "Every person guilty of murder in the first degree shall suffer death, confinement in state prison for life without possibility of parole, or confinement in state prison for a term of 25 years to life. . . . [¶] Except as provided in subdivision (b), every person guilty of murder in the second degree shall suffer confinement in the state prison for a term of 15 years to life. [¶] The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 of the Penal Code shall apply *to reduce any minimum term of 25 or 15 years* in a

state prison *imposed pursuant to this section*, but such person shall not otherwise be released on parole prior to such time." (Italics added.)

It is petitioner's view that no "term" within the meaning of section 190, subdivision (a) is imposed until the board actually sets his release date, so that the "minimum term" must mean the term set by the board rather than the term proscribed by statute for first or second degree murder.

The Supreme Court, in its transfer order to this court, cited *Board of Pardons* v. *Allen* (1987) 482 U.S. 369, 373-378 [96 L.Ed.2d 303, 309-313, 107 S.Ct. 2415]; *People* v. *Overstreet* (1986) 42 Cal.3d 891, 895-896 [231 Cal.Rptr. 213, 726 P.2d 1288]; and *In re Atiles* (1983) 33 Cal.3d 805, 812 [191 Cal.Rptr. 452, 662 P.2d 910]. The latter two cases stand for the general proposition that "[w]hen language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit. The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of a statute. [Citations.]" (*People* v. *Overstreet, supra*, 42 Cal.3d at p. 896.) Still, "[w]hen statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*Id.*, at p. 895.)

As we have seen, it is the Board of Prison Terms, not the Department of Corrections which has power and authority to grant paroles. In accordance with sections 2930 and 2931, however, it is the Department of Corrections, not the Board of Prison Terms, that has the authority to reduce the term prescribed by law for good-behavior and participation credits. By virtue of section 190, subdivision (a), the department's authority also extends to the minimum terms set forth by statute for murder, resulting in a MEPD. The authority *is that of the Department of Corrections, not of the Board of Prison Terms.* Plainly, in context, the language in section 190, subdivision (a) is unambiguous and refers to the 15-year or 25-year minimum term for a first or second degree murder sentence, not the actual term set by the board.

In *Board of Pardons* v. *Allen, supra*, 482 U.S. 369, the United States Supreme Court reiterated its holding in *Greenholtz* v. *Nebraska Penal Inmates* (1979) 442 U.S. 1 [60 L.Ed.2d 668, 99 S.Ct. 2100]. First, "the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release." (*Board of Pardons* v. *Allen, supra*, 482 U.S. at p. 373 [96 L.Ed.2d at p. 309].) A statute may create an " 'expectation of parole' protected by the Due Process Clause" (*ibid.* [96 L.Ed.2d at p. 310]); however, when the statute sets forth criteria *requiring*

release, the determination whether the necessary prerequisites exist is discretionary with the parole authority. (*Id.*, at pp. 374-376 [96 L.Ed.2d at pp. 310-312].)

In *Board of Pardons*, as in *Greenholtz*, the court found the use of "mandatory language ('shall')" to be significant. (482 U.S. at p. 377 [96 L.Ed.2d at p. 312].)

While section 190, subdivision (a) plainly mandates application of section 2931 credits by the department against the minimum term of 15 years imposed by statute, nothing in the section (or in § 2930 et seq.) purports to require the Board of Prison Terms to reapply the same credits to the actual term it sets.

The fact that the Board of Prison Terms set petitioner's actual term of confinement at the minimum term of 15 years does not change our view. The board set petitioner's term at 15 years in accordance with its regulations which include a guideline matrix for setting base terms for second degree murder. (See § 3041, subd. (a) and Cal. Code Regs., tit. 15, § 2403, subd. (c).) It then granted him 29 months of postconviction credits (Cal. Code Regs., tit. 15, § 2410). Reapplication of sections 2931 and 2933 credits would result in petitioner's release before his MEPD, an event prohibited by the terms of section 190, subdivision (a).

The order to show cause is discharged, and the petition for writ of habeas corpus is denied.

Stein, J., and Dossee, J., concurred.

Petitioner's application for review by the Supreme Court was denied September 26, 1991.