967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore JOHNSON, Jr., Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, Respondent-Appellee.
 No. 91-5537.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1992.*
Decided June 11, 1992.
 
 Before D.W. NELSON, BOOCHEVER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theodore Johnson, Jr. appeals pro se the district court's dismissal of his habeas corpus petition. In that petition, Johnson alleged that the California Board of Prison Terms (BPT) exceeded its statutory authority by refusing to release him from prison once he became eligible for parole.[1]
 
 
 3
 Johnson was convicted of second degree murder and sentenced to fifteen years to life in prison. See Cal.Penal Code § 190. He became eligible for parole on March 25, 1990. The BPT denied Johnson's parole application, because it concluded he posed an unreasonable danger to society.
 
 
 4
 After exhausting his state remedies, Johnson filed a petition for a writ of habeas corpus in district court. The district court dismissed Johnson's petition. We have jurisdiction under 28 U.S.C. § 2253 and affirm.
 
 DISCUSSION
 
 5
 Johnson contends the BPT's refusal to release him from prison violated his due process rights. He does not challenge the adequacy of the BPT's parole hearing procedures. Rather, he argues that the BPT lacked authority to deny his release once he became eligible for parole.[2] We disagree.
 
 
 6
 Johnson was sentenced to an indeterminate prison term of fifteen years to life in accordance with Cal.Penal Code § 1168(b). See In re Dayan, 231 Cal.App.3d 184, 187, 282 Cal.Rptr. 269 (1991) (fifteen years to life term is an indeterminate sentence governed by section 1168(b)). When a prisoner is sentenced to an indeterminate term, the BPT determines when he will be released on parole. Cal.Penal Code § 3040(b). The BPT is authorized to deny parole if it finds that the prisoner's release would pose an unreasonable danger to the public. Cal.Admin.Code Tit. 15, § 2281.
 
 
 7
 Even if we assume for purposes of this discussion that California's early release procedures are sufficiently mandatory to create a constitutionally protected liberty interest, see, e.g., Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989), Johnson's constitutional rights were not violated. He has no constitutional or inherent right to parole, Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979), and the BPT complied with California's parole regulations.
 
 
 8
 We reject Johnson's argument that Cal.Penal Code § 2931 required the BPT to release him from prison once he became eligible for parole.[3] Section 2931 entitles a prisoner to an early release from custody based on his accumulation of "good time" credits. Because Johnson was serving an indeterminate sentence, however, this section simply entitled him to be considered for parole once he served his minimum sentence, less any applicable good time credit. See Dayan, 231 Cal.App.3d at 188-89 (section 2931's good time credit provisions apply in fixing a prisoner's minimum term, not in setting the actual term to be served). It did not provide Johnson with an absolute right to an early release from prison. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson also argued that the BPT's decision not to release him from prison violated the prohibition against ex post facto laws, constituted cruel and unusual punishment, and ran afoul of several state laws. He has raised none of these issues on appeal, however, and we do not address them in this disposition
 
 
 [2]
 Johnson also challenges the validity of his sentence, arguing that the version of section 190 under which he was sentenced was improperly enacted. Because Johnson failed to raise this claim in the district court, we will not consider it on appeal. Lang v. Callahan, 788 F.2d 1416, 1418 (9th Cir.1986)
 
 
 [3]
 Although section 2931 purports to apply exclusively to determinate sentences, it has also been made applicable to indeterminate sentences imposed under section 190. See Cal.Penal Code § 190