988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie C. HEARNE, Plaintiff-Appellant,
v.
James ROWLAND; Edward Myers; Board of Prison Terms,
Defendants-Appellees.
 No. 91-16246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-90-20352-RFP, Robert F. Peckham, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie C. Hearne, a California state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 civil rights action against prison officials who denied him a parole date. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court construed Hearne's complaint as both a civil rights complaint and a habeas corpus petition and stayed the section 1983 action pending disposition of the habeas petition. See Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir.1990) (because writ of habeas corpus is exclusive federal remedy for challenging length of state prison sentence, section 1983 action seeking damages based on length of sentence must be stayed pending disposition of habeas proceedings), cert. denied, 111 S.Ct. 1090 (1991). On June 12, 1991, the district court denied the habeas petition. It dismissed the section 1983 action on July 11, 1991, and Hearne filed a timely notice of appeal from the dismissal on August 2, 1991.
 
 
 4
 Both the district court and this court refused to issue a certificate of probable cause to appeal the denial of the habeas petition. We deny Hearne's motion for reconsideration of our earlier ruling. Accordingly, we have jurisdiction to review only the dismissal of the section 1983 action. See 28 U.S.C. § 2253 (appeal from ruling on habeas petition may not be taken unless certificate of probable cause is issued).
 
 
 5
 We review de novo the dismissal of an action for failure to state a claim. McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992). A section 1983 plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States. White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 6
 On May 29, 1981, Hearne was convicted of second degree murder, in violation of Cal.Penal Code § 187, and sentenced to a term of 15 years to life imprisonment. On March 30, 1990, the Board of Prison Terms conducted a parole suitability hearing and found Hearne unsuitable for parole. Hearne contends that the Board violated his constitutional rights because under California law, he received a determinate sentence and therefore should have received sentence credits entitling him to release on parole in 1988. This contention lacks merit.
 
 
 7
 Hearne concedes that if he received an indeterminate term of 15 years to life imprisonment under Cal.Penal Code § 190(a), then he is not entitled to sentence credits under Cal.Penal Code §§ 2931 and 2933. For indeterminate terms, those credits apply only to the setting of a minimum eligible parole date (MEPD), when the prisoner is entitled to a parole suitability hearing, and not to the setting of an actual release date. See In re Dayan, 282 Cal.Rptr. 269, 270-71 (Cal.Ct.App.1991). Hearne contends, however, that he was sentenced under Cal.Penal Code § 1168, which he contends provided for a determinate term for second degree murder when he was sentenced in 1981.
 
 
 8
 In 1981, as now, section 1168 did not set terms for particular offenses; it defined which types of terms were indeterminate terms governed by Cal.Penal Code § 1170 and which types of terms were indeterminate terms. See Cal.Penal Code § 1168 (1977); cf. Cal.Penal Code § 1168 (1984). The term for second degree murder has been an indeterminate term of 15 years to life since 1978. Dayan, 282 Cal.Rptr. 269, 270-71. Accordingly, Hearne's contention lacks merit. See White, 901 F.2d at 1503.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3