**Stephen Patrick MURPHY, Petitioner,**

v.

**Brad ESPINOZA, Warden, et al., Respondents.**

**No. CV 05–1813SJO(RC).**

United States District Court, C.D. California.

Nov. 7, 2005.

Stephen Patrick Murphy, Avenal, CA, pro se.

Kenneth C. Byrne and Kim Aarons, CAAG—Office of Attorney General of California, Los Angeles, CA, for Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

OTERO, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; (3) claims (1) and (2) are determined to be untimely and claim (3) is denied on the merits, and Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## JUDGMENT

Pursuant to the Order of the Court adopting the findings, conclusions, and recommendations of United States Magistrate Judge Rosalyn M. Chapman,

IT IS ADJUDGED that Judgment shall be entered dismissing claims (1) and (2) as untimely.

IT IS FURTHER ADJUDGED that Judgment shall be entered denying claim (3) on the merits and dismissing that claim.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable S. James Otero, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

### BACKGROUND

#### I

On February 4, 1983, in Los Angeles County Superior Court case no. A385949, petitioner Stephen Patrick Murphy pleaded guilty to, and was convicted of, one count of second degree murder in violation of California Penal Code ("P.C.") § 187. Answer, Exh. A at 49. Petitioner was sentenced to 15 years to life in state prison. Answer, Exh. A at 48, 63. Petitioner did not appeal his conviction or sentence. Petition at 3.

However, on or about February 26, 2004, petitioner filed a habeas corpus petition in the Los Angeles County Superior Court, which denied the petition the same day. Petition, Exh. A. On March 15, 2004, petitioner filed a habeas corpus petition or

petition for writ of mandate in the California Court of Appeal, which denied the petition on March 25, 2004. Answer, Exh. A. Finally, on April 4, 2004, petitioner filed a habeas corpus petition in the California Supreme Court challenging his continued detention by the Board of Prison Terms ("the BPT");[1] however, the California Supreme Court denied the petition on February 23, 2005. Answer, Exh. B.

## II

On March 2, 2005, petitioner, proceeding pro se, filed the pending habeas corpus petition challenging his continued incarceration on the following grounds: (1) the BPT breached petitioner's plea agreement by incarcerating petitioner beyond his "minimum eligible parole date" of April 11, 1990; (2) the BPT breached petitioner's plea agreement by incarcerating petitioner beyond 15 years, or November 7, 1997; and (3) the BPT breached petitioner's plea agreement by incarcerating petitioner beyond the "maximum base term" for second degree murder.[2] On August 11, 2005, respondent filed an answer, and on September 2, 2005, petitioner filed a reply.

## DISCUSSION

## III

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon*, 108

F.3d 261, 263 (9th Cir.), *cert. denied*, 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > \* \* \* \* \* \*
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

"[Section] 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative deci-

---

1. The BPT was abolished effective July 1, 2005, and replaced by the Board of Parole Hearings. P.C. § 5075(a). Nevertheless, for convenience, the Court will refer to the parole agency as the BPT. Similarly, effective July 1, 2005, the California Department of Corrections ("CDC") was abolished and replaced by the California Department of Corrections and Rehabilitation, which succeeded to all of the CDC's powers and duties. Cal. Gov't Code §§ 12838(a), 12838.5. Nevertheless, for convenience, the Court will refer to the prison authority as the CDC.

2. The petition jumbles these claims together and also includes a subclaim against the prosecutor for breach of petitioner's plea agreement by opposing petitioner's parole. Since petitioner has not identified a single specific instance in which the District Attorney's office has opposed his parole, this subclaim is vague, conclusory, and insufficient to warrant habeas corpus relief. *Jones v. Gomez*, 66 F.3d 199, 204–05 & n. 1 (9th Cir.1995), *cert. denied*, 517 U.S. 1143, 116 S.Ct. 1437, 134 L.Ed.2d 559 (1996); *James v. Borg*, 24 F.3d 20, 26 (9th Cir.), *cert. denied*, 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994).

sion rather than a state court judgment." *Shelby v. Bartlett,* 391 F.3d 1061, 1063 (9th Cir.2004) (citation omitted). Specifically, Section 2244(d)(1)(D) governs the timeliness of a state inmate's challenge to an administrative decision, such as the calculation of a release date. *Id.* at 1066; *Redd v. McGrath,* 343 F.3d 1077, 1082–85 (9th Cir.2003). Under Section 2244(d)(1)(D), the AEDPA's statute of limitations commences when the inmate knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when the inmate learns the legal significance of those facts. *Redd,* 343 F.3d at 1084; *Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir.2001).

▮ Petitioner raises several diverse and somewhat contradictory claims supporting his contention that he should be immediately released from custody. Under Section 2244(d)(1)(D), this Court must assess the timeliness of an inmate's claims on a claim-by-claim basis. *Pace v. DiGuglielmo,* —— U.S. ——, 125 S.Ct. 1807, 1813 n. 6, 161 L.Ed.2d 669 (2005); *Fielder v. Varner,* 379 F.3d 113, 117–21 (3rd Cir.

2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 904, 160 L.Ed.2d 801 (2005). Here, claims (1) and (2) are clearly untimely, and the Court will address these first. In claim (1), petitioner asserts he was entitled to release from custody on his "minimum eligible parole date" ("MEPD") [3] of April 11, 1990,[4] and the BPT breached his plea agreement by continuing to incarcerate him beyond this date. Petition at 5a. Under Section 2244(d)(1)(D), petitioner was, or with the exercise of reasonable diligence, should have been aware of the factual predicate of this claim no later than April 11, 1990, the date he believes his sentence should have expired. *James v. Walsh,* 308 F.3d 162, 168 (2d Cir.2002); *see also McLean v. Smith,* 193 F.Supp.2d 867, 873 (M.D.N.C.2002) ("[I]f at no other time, petitioner should have learned of any possible error ... when, according to him, his two-year sentence should have expired but did not."). Since the pending petition was not filed until March 2, 2005,[5] claim (1) is clearly untimely.[6]

▮ Similarly, claim (2), in which petitioner asserts the BPT breached his plea

---

**3.** Petitioner was sentenced to the indeterminate term of 15 years to life imprisonment, P.C. §§ 190, 1168(b); *see also In re Monigold,* 139 Cal.App.3d 485, 490, 188 Cal.Rptr. 698 (1983) ("A sentence of 15 years to life is by its nature an indeterminate term."), which "is in legal effect a sentence for the maximum term" of life imprisonment "subject only to the ameliorative power of the [parole authority] to set a lesser term." *In re Dannenberg,* 34 Cal.4th 1061, 1097–98, 23 Cal.Rptr.3d 417, 442, 104 P.3d 783 (2005) (citation and internal quotation marks omitted), *cert. denied sub nom., Dannenberg v. Brown,* —— U.S. ——, 126 S.Ct. 92, 163 L.Ed.2d 109 (2005). " 'A life sentence prisoner must serve a minimum calendar term before becoming eligible for parole.' " *In re Dayan,* 231 Cal.App.3d 184, 188, 282 Cal.Rptr. 269 (1991) (quoting *Monigold,* 139 Cal.App.3d at 491, 188 Cal.Rptr. 698). The CDC calculates this minimum calendar term, *Dayan,* 231 Cal.App.3d at 188; 282 Cal.Rptr. 269 15 C.C.R. § 2400, which is the earliest date on which the life prisoner

may be released on parole. 15 C.C.R. § 2000(b)(67).

**4.** Although petitioner claims his MEPD was April 11, 1990, Answer, Exh. A at 50, a CDC form dated October 12, 1989, calculates petitioner's MEPD as March 15, 1991. Answer, Exh. A at 52. This discrepancy is irrelevant for statute of limitations purposes.

**5.** Although the AEDPA's one-year statute of limitations did not begin to run against any state inmate prior to the date of the AEDPA's enactment, April 24, 1996, *Lindh v. Murphy,* 521 U.S. 320, 322–23, 336–37, 117 S.Ct. 2059, 2061, 2068, 138 L.Ed.2d 481 (1997); *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), calculating the AEDPA's statute of limitations from the date of the AEDPA's enactment shows claim (1) is untimely.

**6.** Moreover, claim (1) is without merit since the MEPD does no more than describe the date the BPT must meet with a prisoner to

agreement by continuing to confine him beyond 7–1/2 to 10 years [7] or, at the most, 15 years, is not timely. Petition at 5c. Under Section 2244(d)(1)(D), petitioner was, or with the exercise of reasonable diligence, should have been aware of the factual predicate of claim (2) no later than November 7, 1997, the date on which, absent any post-conviction good-time credits, petitioner had served 15 years of his sentence. Therefore, with regard to claim (2), the limitations period began to run on November 8, 1997, and expired one year later on November 7, 1998. *Shelby,* 391 F.3d at 1066; *Redd,* 343 F.3d at 1082. Yet, the pending petition was not filed until March 2, 2005; thus, the petition is not timely.[8]

Nevertheless, this Court must consider whether the statute of limitations on claims (1) and (2) was tolled while petitioner's applications for collateral relief were pending in the California courts. Since petitioner filed his state habeas corpus petitions in 2004, after the statute of limitations for the two claims had expired, his application for collateral relief neither tolled nor revived the expired limitations period. *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003);

*Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000).

Finally, there is no basis for this Court to equitably toll the AEDPA's statute of limitations regarding claims (1) and (2). A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles,* 187 F.3d at 1107 (citation and internal quotation marks omitted); *Shannon v. Newland,* 410 F.3d 1083, 1089–90 (9th Cir.2005); *see also Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618 (3d Cir.1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient."). The petitioner bears the burden of proving he is entitled to the equitable tolling of the statute of limitations. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003); *Smith v. Duncan,* 297 F.3d 809, 814 (9th Cir.2002). Here, petitioner has not set forth any basis

---

consider setting an actual parole release date, *Dannenberg,* 34 Cal.4th at 1078–80, 23 Cal. Rptr.3d at 426–28, 104 P.3d 783; *Dayan,* 231 Cal.App.3d at 186 n. 3, 282 Cal.Rptr. 269, and has no effect on a life sentence.

**7.** In setting forth this claim, petitioner relies on *Brown v. Poole,* 337 F.3d 1155 (9th Cir. 2003), in which the Ninth Circuit concluded an inmate's plea agreement was breached, and ordered specific performance of the plea agreement, because the prosecutor, as part of the plea colloquy, informed the defendant that "if you behave yourself at the state prison ... you are going to get out in half [of 15 years]." *Id.* at 1157–58, 1160–62. *Brown* is inapposite because the prosecution here never promised petitioner he would be released in 7–1/2 to 10

years, or even 15 years. *See* Answer, Exh. A at 56–57 (Declaration of Stephen Murphy).

**8.** Furthermore, claim (2) is without merit since petitioner relies on statements his own attorney made, and has not shown the prosecutor made him any promises. *See Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (emphasis added)); *cf. United States v. Keller,* 902 F.2d 1391, 1394 (9th Cir.1990) (attorney's erroneous parole prediction did not invalidate guilty plea).

for this Court to equitably toll the statute of limitations regarding claims (1) and (2).

## IV

The AEDPA "circumscribes a federal habeas court's review of a state court decision." *Lockyer v. Andrade,* 538 U.S. 63, 70, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003); *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 2534, 156 L.Ed.2d 471 (2003). As amended by the AEDPA, 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim[¶] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [¶] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under the AEDPA, a federal court shall presume that a determination of factual issues made by a state court is correct, and petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The California Supreme Court reached the merits of claim (3) when it denied petitioner's petition for review without comment or citation to authority. *Gaston v. Palmer,* 417 F.3d 1030, 1038 (9th Cir. 2005); *Hunter v. Aispuro,* 982 F.2d 344,

348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). However, "[w]here there has been one reasoned judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991). Thus, in addressing petitioner's claim (3), this Court will consider the reasoning of the Los Angeles County Superior Court, the only state court to issue a reasoned opinion addressing petitioner's claim. *Fowler v. Sacramento County Sheriff's Dep't,* 421 F.3d 1027, 1038 (9th Cir.2005); *Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir. 2003), *cert. denied,* 541 U.S. 1037, 124 S.Ct. 2105, 158 L.Ed.2d 724 (2004).

## V

 "There is no constitutional or inherent right of a convicted person to be ... released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *McQueary v. Blodgett,* 924 F.2d 829, 834 (9th Cir.1991). Even so, an inmate's continued detention beyond the termination of his sentence may violate the due process clause. *McNeil v. Director, Patuxent Inst.,* 407 U.S. 245, 246, 92 S.Ct. 2083, 2085, 32 L.Ed.2d 719 (1972); *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir.1985), *cert. denied,* 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986).

In claim (3), petitioner contends he has now served the maximum "base term"[9] for second degree murder and his continued incarceration violates due process.[10] The

---

9. The "base term" is established based on the circumstances of petitioner's underlying conviction and is used in calculating a parole date for inmates deemed suitable for parole. 15 C.C.R. §§ 2401–05.

10. Although petitioner frames claim (3) in terms of an alleged breach of his plea agreement, his claim is more properly characterized as a due process claim for continued detention beyond the termination of his sentence. *See,* e.g., Petition at 5–5e.

Superior Court tersely denied this claim, stating:

Murder, second degree, carries with it a term in state prison of 15 years to life. Petitioner complains that he has been denied parole and has served in excess of 21 years. No where [sic] does the record express that petitioner would be paroled after a specific term of years. Such a determination is with the parole authorities.

Petition Exh. A.

In claim (3), petitioner asserts he is entitled to immediate release because he has now served more than 21 years in state prison; however, this claim demonstrates a fundamental misunderstanding of the California parole system. Under California law, the BPT "shall set a base term for each life prisoner who is found suitable for parole." 15 C.C.R. § 2403(a)(emphasis added). However, petitioner has not been found suitable for parole, which is a prerequisite for the determination of a "base term" and the calculation of a parole date. *See* P.C. § 3041(b) ("The [BPT] shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting."); 15 C.C.R. § 2402(a) (The BPT "shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the [BPT] the prisoner will pose an unreasonable risk of danger to society if released from prison."). In other words, absent a determination of parole suitability by the BPT, there is no "base term." *See* P.C. § 3041(b); 15 C.C.R. § 2403(a); *In re Rodriguez*, 14 Cal.3d 639, 654 n. 18, 122 Cal.Rptr. 552, 563 n. 18, 537 P.2d 384

(1975). Thus, petitioner's ongoing detention does not deprive petitioner of due process of law, *Dannenberg*, 34 Cal.4th at 1078–1100, 23 Cal.Rptr.3d at 426–44, 104 P.3d 783, and the California Supreme Court's denial of claim (3) was neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) dismissing claims (1) and (2) as untimely and denying claim (3) on the merits, and entering Judgment accordingly.