**Donald Ray JACKSON, Petitioner–
Appellant,**

v.

**Thomas L. CAREY, Warden; et
al., Respondents–Appellees.**

No. 05–56734.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 19, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

**134**

Donald Ray Jackson, Vacaville, CA, pro se.

Lora Fox Martin, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Donald Ray Jackson appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Jackson contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights. We disagree because there was "some evidence" to support the Board's denial of parole, including not only the gravity of the commitment offense, but also inadequate parole plans and a failure to adequately participate in self-help programs such as Alcoholics Anonymous. *See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1128 (9th Cir.2006).

■ Jackson also contends that he was deprived of his liberty without due process because his sentencing credits entitled him to parole years ago. We disagree. State parole laws can give rise to liberty interests in parole, but only when those laws use mandatory language creating a presumption that parole will be granted. *Bd. of Pardons v. Allen,* 482 U.S. 369, 376–78, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987);

*Sass,* 461 F.3d at 1127. California law does not create a presumption that a parole date will be based on sentencing credits for a prisoner serving an indeterminate term. *See In re Dayan,* 231 Cal.App.3d 184, 282 Cal.Rptr. 269, 270–71 (1991) (holding that sentencing credits may reduce the minimum eligible parole date, but do not reduce the sentence for prisoner serving indeterminate sentence for murder); *see also* Cal.Penal Code § 3041(b); *In re Dannenberg,* 34 Cal.4th 1061, 23 Cal.Rptr.3d 417, 104 P.3d 783, 804–05 (2005) (holding that a California prisoner has no right to a release date prior to being deemed suitable for parole because state law does not provide such a right).

■ In addition, Jackson contends that the Board violated the Equal Protection Clause in 2002 by predetermining that it would not grant him parole because of his race. However, Jackson presented to the district court nothing more than conclusory allegations, which cannot provide a basis for habeas relief. *See Jones v. Gomez,* 66 F.3d 199, 204–05 (9th Cir.1995) (stating that conclusory allegations are not sufficient to support habeas relief).

Finally, Jackson contends that his sentence of 15 years to life for second-degree murder has been converted into a sentence of life without the possibility of parole for first-degree murder. The record belies this claim.

We therefore affirm the district court's denial of the petition.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.