FILED

OCT 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABE WILLIAMS, Jr., | No. 06-16997 |
| Plaintiff - Appellant, | D.C. No. CV-02-00864-MCE |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted September 13, 2010**

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

California state prisoner Abe Williams, Jr. appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action.  We have jurisdiction

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument and therefore denies Williams' request.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and for an abuse of discretion a denial of a motion to compel discovery, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment because Williams' allegations that Defendants misapply various provisions of the California Penal Code rest on erroneous interpretations of state law such that Williams has not suffered any constitutional injury. *See* 42 U.S.C. § 1983; *In re Dannenberg*, 34 Cal. 4th 1061, 1079-80 (2005); *In re Dayan*, 231 Cal. App. 3d 184, 186-89 (1991).

Moreover, to the extent Williams' § 1983 action challenges prior parole suitability decisions or would otherwise necessarily demonstrate the invalidity of the duration of his confinement, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

The district court did not abuse its discretion in denying Williams' motion to compel discovery. *See Hallett*, 296 F.3d at 751 (trial court's broad discretion to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant") (internal quotation marks and citation omitted).

Williams' remaining contentions are unpersuasive.

We deny Williams' motion for removal of the stay of proceedings as moot.

**AFFIRMED.**